UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

01 APR -4 PM 3 37

U.S. DISTRICT COURT
N.D OF ALABAMA

| | |
|---|---|
| SHANNON M. BLACK, a/k/a ) | |
| SHANNON M. DARNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No: CV-01-S-181-NE |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| TRANSPORTATION; ) | |
| G. M. ROBERTS, Director, ) | |
| Alabama Department of ) | |
| Transportation; and ) | |
| WHITAKER CONTRACTING CORP., ) | |
| ) | |
| Defendants. ) | |

ENTERED

APR   4 2001

## MEMORANDUM OPINION

This is an employment discrimination case.  Plaintiff claims

defendants subjected her to disparate treatment and harassment

because of her gender, in violation of Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.[1]  The

action is before the court on two motions:  defendants Alabama

Department of Transportation ("ALADOT") and G. M. Roberts, Director

of ALADOT, ask this court to dismiss plaintiff's complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6), for failure to state

a claim upon which relief can be granted (doc. no. 6); and,

defendant Whitaker Contracting Corporation requests this court to

enter partial judgment on the pleadings pursuant to Rule 12(c).

---

[1]Plaintiff's complaint also includes a retaliation claim and
several supplemental state law claims (e.g., outrage, battery).

**A.   Standards of Review**

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of plaintiff's complaint. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 2 L.Ed.2d 80 (1957)).   In ruling upon a Rule 12(b)(6) motion, the court must accept the facts pleaded in the complaint as true, and construe them in the light most favorable to the non-moving party.   *Hishon*, 467 U.S. at 73, 104 S.Ct. at 2232. "A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory."   *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997) (emphasis in original).   Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low."   *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985) (citation omitted).

When the pleadings are closed, a court may enter judgement on

2

the pleadings pursuant to Rule 12(c), which provides:   "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgement on the pleadings."   The standards for ruling on a motion under 12(c) are substantially similar to those applicable to a 12(b)(6) motion.   *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (2d ed. 1990).

## B.   Proper Defendants

Title VII provides that it is unlawful for "an <u>employer</u> ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...."   42 U.S.C. § 2000e-2(a)(1) (emphasis supplied).   The term "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person ..."   42 U.S.C. § 2000e(b).

During the period of time relevant to this action, plaintiff was employed by ALADOT as an assistant engineer.[2]   Her duties included site inspections of the work conducted by private

---

[2]Complaint (doc. no. 1) at ¶ 12.

contractors, such as Whitaker Contracting Corp.[3]   Plaintiff claims
she was sexually harassed by employees of Whitaker Contracting when
her job required her to perform inspections of its sites.[4]

Defendant Roberts contends he cannot be sued in his official
capacity because he is not an "employer" for the purposes of Title
VII.   Plaintiff argues that Roberts, in his official capacity, is
an agent of ALADOT.

Individual capacity suits are inappropriate under Title VII.
*See, e.g., Cross v. State of Alabama*, 49 F.3d 1490 (11th Cir.
1995).

> The relief granted by Title VII is against the <u>employer</u>,
> not individual employees whose actions would constitute
> a violation of the Act.   We think the proper method for
> a plaintiff to recover under Title VII is by suing the
> employer, either by naming the supervisory employees as
> agents  of  the  employer  or  by  naming  the  employer
> directly.

*Id*. at 1504 (quoting *Busby v. City of Orlando*, 931 F.2d 764, 772)
(11th Cir. 1991) (emphasis in original).

Plaintiff sued her employer, ALADOT, directly; therefore, her
act of also naming Roberts as a defendant was superfluous, and all
Title VII claims asserted against him are due to be dismissed.   *See*
*Taylor v. State of Alabama*, 95 F. Supp. 2d 1297, 1309 (M.D. Ala.

---

[3]Plaintiff's EEOC charge.

[4]*Id*.

2000).

Defendant Whitaker Contracting contends that it was an independent contractor and, as such, was not plaintiff's "employer." Plaintiff responds to that argument by asserting that Whitaker should be held liable under Title VII because its employees and managers acted as agents of ALADOT.

A defendant that is not a plaintiff's employer-in-fact, but which exercises sufficient control over her employment conditions, still might be held liable, along with her nominal employer, as a "joint employer." *See* II Barbara Lindemann and Paul Grossman, *Employment Discrimination Law* 1312-13 (3d ed. 1996). Further, if employees and managers of Whitaker Contracting were ALADOT's agents, and were acting within the scope of the agency relationship when committing the events complained of by plaintiff, then Whitaker also may be held liable. *See id.* at 1314. Plaintiff's complaint sufficiently alleges that Whitaker Contracting was either a joint employer with (or agent of) ALADOT. Thus, Whitaker Contracting is not due to be dismissed at this time. Instead, this court finds that a period of limited discovery, to establish the relationship of ALADOT and Whitaker to each other, and to plaintiff, is warranted.

C.    **Eleventh Amendment and State Immunities**

Defendants ALADOT and Roberts claim they are entitled to immunity under the Eleventh Amendment and the Alabama Constitution. They request this court to dismiss all state law claims.  Plaintiff concedes that her negligence claims are due to be dismissed,[5] but contends that intentional tort claims remain viable.[6]

Article I, § 14, of the 1901 Alabama Constitution provides that "the State of Alabama shall never be made a defendant in any court of law or equity."   That language has been construed as meaning "[t]he State and its agencies have absolute immunity from suit in any court" in the State of Alabama.   *Ex parte Alabama Department of Transportation*, 764 So. 2d 1263, 1268 (Ala. 2000) (citing *Mitchell v. Davis*, 598 So. 2d 801, 806 (Ala. 1992)) (alteration in original).   The Supreme Court of Alabama has held that ALADOT, as a state agency, is <u>absolutely</u> immune from suit.

---

[5]Plaintiff asserted claims for negligence and negligent supervision.   She claims ALADOT failed to adequately train and supervise its employees to prevent or stop sexual harassment.   She also claims that ALADOT failed to exercise due care when it failed to take corrective action to prevent further harassment.

[6]Plaintiff asserts that the remainder of her state law claims are bottomed upon acts in which Roberts and ALADOT engaged "willfully, maliciously illegally and in bad faith."   Such claims include the torts of outrage, battery, wanton training and supervision, and respondeat superior.

*Id.* Accordingly, all claims against ALADOT bottomed on state law are due to be dismissed.

Plaintiff concedes that Roberts was not sued in his individual capacity. Thus, all of plaintiff's state law claims against him are also due to be dismissed.

**D. Timeliness**

Defendants ADOT and Roberts contend that all of plaintiff's claims that relate to events occurring more than 180 days prior to the date on which she filed an EEOC charge of discrimination should be dismissed as untimely. Plaintiff contends that such incidents remain viable, because they are part of a "continuing violation."

If a plaintiff fails to file a charge within 180 days after the alleged unlawful employment practice occurred, her claim may be procedurally barred for untimeliness. *See, e.g., Delaware State College v. Ricks*, 449 U.S. 250, 256, 101 S.Ct. 498, 503, 66 L.Ed.2d 431 (1980); *Everett v. Cobb County School District*, 138 F.3d 1407, 1410 (11th Cir. 1998). One equitable exception to the 180 day filing requirement is the so-called "continuing violation doctrine," which allows a plaintiff to rely upon acts of discrimination that would otherwise be time-barred by connecting them to discriminatory acts falling within the 180 day period

7

immediately preceding an EEOC charge.  When considering whether to apply the continuing violation doctrine, a court "must distinguish between the 'present consequence of a one-time violation,' which does not extend the limitations period, and the 'continuation of the violation into the present.'"  *Beavers v. American Cast Iron Pipe Company*, 975 F.2d 792, 796 (11th Cir. 1992) (citation omitted).

Plaintiff contends that she was subjected to sexual harassment that was "continuous, open, willful, involving multiple employees and agents of the Defendants and involving multiple violations up to the timely filing of a complaint with the Equal Employment Opportunity Commission."[7]  Plaintiff alleges two incidents of sexual harassment that occurred during the summer of 1998,[8] and two additional incidents that occurred during the summer of 1999.[9] Plaintiff then complains of several incidents that occurred during the first half of 2000.[10]

The acts that occurred in the summers of 1998 and 1999 do appear remote from the incidents immediately preceding May 29,

---

[7]Plaintiff's response to defendant's motion to dismiss (doc. no. 12) at 3.

[8]Complaint at ¶¶ 19, 20.

[9]*Id.* at ¶¶ 21, 22.

[10]*Id.* at ¶¶ 23-25.

2000, the date on which plaintiff filed her charge of discrimination. Even so, in her charge of discrimination, plaintiff allegs that she "was sexually harassed on a continuous basis," and that the discrimination began in July of 1999. Plaintiff has alleged at least one instance within the 180 day period for each of her Title VII claims, and the acts of which she complains appear to be related. At this point, this court cannot conclude that no set of circumstances could support plaintiff's assertion of a continuing violation. Defendants' argument thus is premature, and may be more appropriately considered on a motion for summary judgement. Accordingly, defendants' motion to dismiss because of untimeliness will be denied, but without prejudice to defendants' right to reassert the same contention following the conclusion of discovery.

**E.    Administrative Exhaustion**

The Eleventh Circuit employs the following standard in evaluating the scope of a plaintiff's EEOC charge:

> [T]he requirement of exhaustion of administrative remedies is satisfied when the issues (a) are expressly raised in the pleadings before the administrative agency, (b) might reasonably be expected to be considered in a diligent investigation of those expressly raised issues, or (c) were in fact considered during the investigation.

*Griffin v. Carlin*, 755 F.2d 1516, 1522 (11th Cir. 1985).

Whitaker Contracting contends that plaintiff's Title VII claims against it should be dismissed because she failed to name Whitaker in her EEOC charge. Defendant's assertion is not correct. Plaintiff's charge explicitly states that "Mr. David Reed/President of Whitaker Contracting came on the jobsite to speak with me about the sexual harassment, by his employees. Mr. Reed apologized for the misconduct and promised it would not happen again." Thus, the involvement of Whitaker's employees in the harassment complained of was "expressly raised," and "might reasonably be expected to be considered" in any ensuing EEOC investigation.

Defendants ALADOT and Roberts maintain that plaintiff's claim for sexual harassment falls outside the scope of her charge. Plaintiff's EEOC charge includes the following statement, however: "I was <u>sexually</u> <u>harassed</u> on a continuous basis." Thus, plaintiff's claim for sexual harassment was "expressly raised in the pleadings" before the EEOC, and the exhaustion requirement is satisfied.

**F.   Retaliation**

Section 704(a) of Title VII, codified at 42 U.S.C. § 2000e-3(a), provides protection to those employees who oppose or participate in activities to correct an employer's discriminatory practices:

10

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... because [the employee] has opposed any practice made an unlawful employment practice by this [title], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this [title].

42 U.S.C. § 2000e-3(a).

To establish a prima facie case of retaliation for conduct falling under the proscriptions of § 2000e-3(a), a plaintiff must show that (1) she engaged in statutorily protected expression or activity, (2) she suffered an adverse employment action, and (3) there is a causal linkage between the adverse action and the protected expression or activity. *See, e.g., Farley v. Nationwide Mutual Insurance Company*, 197 F.3d 1322, 1336 (11th Cir. 1999); *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1455 (11th Cir. 1998); *Meeks v. Computer Associates International*, 15 F.3d 1013, 1021 (11th Cir. 1994); *Goldsmith v. City of Atmore*, 996 F.2d 1155, 1163 (11th Cir. 1993).

Plaintiff asserts that she participated in the statutorily protected activity of filing a charge of discrimination with the EEOC. Thereafter, she was "[d]emoted to a clerical position with reduced responsibilities, reduced benefits and threat of

11

termination during the investigation process."[11]  She also complains that her truck was taken from her, she was told to turn in her office keys, she was relieved of her job duties, and was segregated from male employees.[12]  Defendants ALADOT and Roberts contend such actions "fall short of an ultimate employment decision," and thus do not constitute an adverse employment action.

The Eleventh Circuit held, in *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453 (11th Cir. 1998), that "Title VII's protection against retaliatory discrimination extends to adverse actions which fall short of ultimate employment decisions."  *Id.* at 1456.  In *Doe v. Dekalb County School District*, 145 F.3d 1441 (11th Cir. 1998), the Eleventh Circuit adopted an objective test for determining whether employment actions are sufficiently "adverse" to be actionable.  *Id.* at 1449; *see also Gupta v. Florida Board of Regents*, 212 F.3d 571, 583 (11th Cir. 2000) ("[A] plaintiff must establish not only that she subjectively perceived the environment as hostile and abusive, but also that a reasonable person would perceive the environment to be hostile and abusive.")  The *Doe* court delineated certain employment actions that are sufficiently

---

[11]Complaint (doc. no. 1) at ¶ 2(d).
[12]*Id.* at ¶ 31.

adverse to be actionable:

> Where a plaintiff has allegedly suffered termination, <u>demotion</u>, reduction in pay, <u>loss of prestige</u>, or <u>diminishment of responsibilities</u>, for example, a court normally has no cause to consider its standard for adversity; the relevant question in such cases is whether such <u>patently adverse actions</u> actually took place.

*Doe*, 145 F.3d at 1448 (emphasis supplied). Here, plaintiff asserts in her complaint that she suffered demotion, loss of prestige, and diminishment of responsibilities. *Doe* described such actions as "patently adverse." Accordingly, defendants' motion to dismiss plaintiff's retaliation claim under Rule 12(b)(6) is due to be denied.

An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this the __4th__ day of April, 2001.

<u>_____</u>
United States District Judge

13