FILED
2002 Aug-15 AM 9:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

SHANNON M. BLACK, n/k/a SHANNON )
M. DARNELL, )
)
Plaintiff, )
)
vs. )   Civil Action No. CV 01-S-0181-NE
)
ALABAMA DEPARTMENT OF )
TRANSPORTATION, )
)
Defendant. )

ENTERED
AUG 15 2002

## MEMORANDUM OPINION

This action is before the court on defendant's motion for summary judgment (doc. no. 50). Plaintiff's complaint arises from alleged incidents of sexual harassment and sex-based discrimination directed toward plaintiff by her employer, defendant Alabama Department of Transportation, and its employees throughout 1998-2000. Upon consideration of the pleadings, motion, briefs, and evidentiary submissions, the court presently is of the opinion that defendant's motion is due to be denied in part. As to defendant's remaining arguments, the court also is of the opinion that it would be aided by additional briefs on the issues described below.

In its motion for summary judgment, defendant first argues that plaintiff has not "met the jurisdictional requirement for most of her claims because she filed her EEOC charge on May 31, 2000, more than 180 days after the alleged first incident of sexual harassment by the non-ALDOT employees."[1] Defendant advances two arguments in support of this assertion.

Title VII provides that "a charge under . . . § 2000e-5(e), shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e).

---

[1] Defendant's Brief (doc. no. 32), at 5.



Defendant acknowledges that at least one of the incidents complained of by plaintiff occurred within the 180-day period provided for by Title VII. A dispute has arisen, however, as to the admissibility of at least five incidents that occurred in 1998 and 1999. Defendant contends that these incidents, while testified to by plaintiff in her deposition, were not mentioned in either her EEOC charge or the complaint filed in this action.[3] Specifically, defendant refers to:

1. On the second day of work a Whitaker employee commented on plaintiff's alleged violation of the dress code. (Exhibit 2, Deposition of Shannon Black, pg. 16-18).

2. Mr. Whitaker told her she did not have any business working out there because she was a woman. (Exhibit 2, Deposition of Shannon Black pg. 27-29).

3. She was referred to as a cute blond. (Exhibit 2, Deposition of Shannon Black pg. 90).

4. A Whitaker employee told dirty jokes. (Exhibit 2, Deposition of Shannon Black, pg. 104-105)

5. Some of the guys whistled at plaintiff and she received random "catcalls." (Exhibit 2, Deposition of Shannon Black pg. 111-113).[4]

Accordingly, defendant asserts that plaintiff's failure to include these incidents in either her EEOC charge or judicial complaint constitutes a failure to exhaust her administrative remedies, thus warranting their exclusion from this court's review of plaintiff's Title VII complaint.

Plaintiff responds, however, and the court agrees, that these incidents are properly included within the scope of this court's Title VII analysis. As the Eleventh Circuit explained in *Turner v. Orr*, 804 F.2d 1223 (11th Cir. 1986):

Courts have frequently confronted arguments that a judicial action is barred

---

[3] See *Id.* at 7-8

[4] *Id.*

2

because the allegations concern events beyond the scope of the complaint filed with the EEOC. The standard that has evolved in this circuit defines the scope of an EEOC complaint as

> "encompass[ing] any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the commission." In other words, the "scope" of the judicial complaint is limited to the "scope" of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.

*Id.* at 1326 (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). Plaintiff's EEOC charge of discrimination complained of sexual harassment and discrimination by defendant and its employees. This court concludes that the incidents challenged by defendant are properly within the scope of the complaint before the court, for the reason that each could "reasonably be expected to grow out of the charge of discrimination." *Id.* Accordingly, defendant's motion to exclude these incidents from the court's review is denied.

Next, defendant challenges events complained of by plaintiff that occurred in 1998 and 1999, and argues that these incidents should be excluded from this court's review because they transpired outside the statutory 180-day period.[4] Defendant correctly observes that filing a charge with the

---

[4] *See id.* at 9. Specifically, defendant refers to the following alleged occurrences of sexual harassment or discrimination:

1998 incidents
1. Butt-slapping incident on Highway 431
2. Tubal pregnancy comment
3. Dress code comment
4. Comment that the plaintiff has no business working "out there."

1999 incidents
1. Request for romantic date by Whitaker employee and comment about sexual relations with wife
2. Kissing incident in July 1999.
3. Dirty joke told by Whitaker employee.
4. Requests for dates from Whitaker employees and four ALDOT employees.
5. Cute blond comment.
6. Phone call at home from co-worker to fix the plaintiff up with a friend

3

EEOC is a prerequisite to a private civil action under Title VII. *See* 42 U.S.C. 2000e-5(e)(1). The EEOC charge must include a statement of the date, place, and circumstances of the alleged Title VII violations, and must be filed within 180 days of the events giving rise to the complaint. *See id.* Failure to file an EEOC charge within the 180-day period will require dismissal of an action as untimely. Plaintiff is in agreement that the 1998 and 1999 incidents fall outside the statutory period, but claims that the events that transpired in 1998 and 1999 are admissible under a continuing violation theory.[1] Defendant disputes this assertion.

The Eleventh Circuit elucidated its approach to the so-called "continuing violation" doctrine in *Beavers v. American Cast Iron Pipe Co.*, 975 F.2d 792 (11th Cir. 1992), in which the court explained that:

> Where an employee charges an employer with continuously maintaining an illegal employment practice, he may file a valid charge of discrimination based upon that illegal practice until 180 days after the last occurrence of an instance of that practice. However, where the employer engaged in a discrete act of discrimination more than 180 days prior to the filing of a charge with the EEOC by the employee, allegations that the discriminatory act continues to adversely affect the employee or that the employer presently refuses to rectify its past violation will not satisfy the requirement of 42 U.S.C. § 2000e-5(e) . . .

*Id.* at 796 (relying on *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980)); *see also Ross v. Buckeye Cellulose Corp.*, 980 F.2d 648, 658 (11th Cir. 1993) (citing *Beavers*, 975 F.2d at 796) (according to *Ross*, 980 F.2d at 658, *Beavers* distinguished between the "present consequences of a one-time violation, which does not extend the limitations period, and a continuation of a violation into the present, which does extend the limitations period").

In a subsequent opinion, *Roberts v. Gadsen Memorial Hospital*, 835 F.2d 793 (11th Cir.

---

Defendant's Brief (doc. no. 32), at 6 n.2

[1] *See* Plaintiff's Reply (doc. no. 35), at 2.

4

1983) ("*Roberts I*"), the Eleventh Circuit elaborated on the continuing violation analysis. The *Roberts I* Court adopted a three-factor analysis established by the Fifth Circuit in *Berry v. Board of Supervisors of L.S.U.*, 715 F.2d 971, 981 (5th Cir. 1983), and directed courts to look to the subject matter, frequency, and permanence of the alleged discriminatory events. *Roberts I*, 835 F.2d at 800. Defendant relies exclusively and extensively on the *Berry* analysis to argue that the incidents of sexual harassment and discrimination alleged by plaintiff to have occurred in 1998 and 1999 do not satisfy the continuing violation theory criteria.[6] What defendant purposely ignores, however, is that that portion of the *Roberts* opinion adopting the *Berry* three-factor continuing violation analysis was expressly vacated by the Eleventh Circuit in *Roberts v. Gadsen Memorial Hospital*, 850 F.2d 1549, 1551 (11th Cir. 1988) ("*Roberts II*").[7] The Eleventh Circuit has not employed the *Berry* analysis in any subsequent case; accordingly, the *Berry* analysis remains only persuasive authority as to the proper continuing violation analysis utilized in this circuit.

Rather than look to *Berry* for guidance, this court notes that a recent decision of the Eleventh Circuit described the appropriate analysis for a claim of a continuing violation: "'In determining whether a discriminatory employment practice constitutes a continuing violation, this Circuit distinguishes between the present consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does.'" *Carter v. West Publishing Co.*, 225 F.3d 1258, 1263 (11th Cir. 2000) (quoting *Thigpen v. Bibb County, Georgia Sheriff's Department*, 216 F.3d 1314, 1326 (11th Cir. 2000)). Further, the *Carter* Court

---

[6] *See* Defendant's Brief (doc. no. 35), at 19-22.

[7] *See* Defendant's Brief (doc. no. 35), at 2 (acknowledging that the section adopting the *Berry* continuing violation analysis in *Roberts I* had been vacated by *Roberts II*, but asserting that districts have and should consider that analysis nonetheless).

5

stated that the "proper focus is upon the time of the *discriminatory acts*, not upon the time at which the consequences of the acts became most painful. . . . The emphasis is not upon the effects of earlier employment decisions; rather it is upon whether any present violation exists." *Id.* (emphasis in original) (quoting *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 341 (1980)). Applying this standard to the facts alleged by plaintiff, this court concludes that plaintiff has made a sufficient showing of defendant's continuing Title VII violation to survive summary judgment, such that review by this court of the alleged incidents of harassment and/or discrimination occurring in 1998 and 1999 is proper.

In light of these findings, the parties shall be required to submit briefs to this court on the question of whether plaintiff has established a prima facie case of sexual harassment and/or sex-based discrimination under Title VII. The parties shall include a detailed and thorough statement of the relevant facts, not limited to, but specifically addressing each of the alleged incidents of sexual harassment and/or discrimination by defendant against plaintiff during the calendar years 1998-2000. Further, the parties shall address anew each of the prima facie elements of plaintiff's Title VII claim for sexual harassment and/or sex-based discrimination in light of all discriminatory or harassing incidents alleged by plaintiff to have occurred during 1998-2000. Such briefs shall be filed with the court in accordance with the order entered contemporaneously herewith.

DONE this 15th day of August, 2002.

_____
United States District Judge